IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Magdalene Chapman,<br><br>    Plaintiff,<br><br>v.<br><br>Savannah River Nuclear Solutions, LLC.,<br><br>    Defendant. | Case No. 1:25-cv-11770-SAL-KFM<br><br><br>**ORDER** |

Plaintiff Magdalene Chapman filed this action seeking relief under Title VII of the Civil Rights Act of 1964. [ECF No. 8 ¶ 1.] Before the court are Savannah River Nuclear Solutions, LLC's ("Defendant") motions to dismiss without prejudice for lack of personal jurisdiction and insufficient service of process. [ECF Nos. 10, 18.] United States Magistrate Judge Kevin F. McDonald reviewed this case pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) and issued a Report and Recommendation ("Report") recommending that both motions be denied and that the district court extend the service period. [ECF No. 22.] Defendant objects, arguing the court should decline to extend the period for service and grant its motion to dismiss without prejudice. [ECF No. 23 at 8.]

I.    **Background**

This action arises out of Chapman's employment with Defendant and her allegations of discrimination and retaliation in violation of Title VII. [ECF No. 8.] On August 29, 2025, Chapman, then proceeding *pro se*, filed her initial complaint in this court. [ECF No. 1.] On September 2, 2025, the court authorized and issued a summons with service on Defendant due by December 1, 2025. [ECF Nos. 5, 6.] In authorizing service, the court stated that "unless a Defendant is served within 90 days after the summonses are issued as directed by this order, that

1

particular unserved Defendant may be dismissed without prejudice from this case." [ECF No. 5.] Chapman's process server attested that he tried to serve Defendant on November 24, 2025, and approached Hollie Watson, an associate administrative assistant employed by Defendant. [ECF No. 13-2 at 1.] While at first unsure of her ability to accept service, Watson later said that she would accept service and contact Defendant's counsel the next day. *Id.* The document served upon Watson was titled "First Amended Complaint" and was signed by attorney Stephani L. Ayers. [ECF No. 10-2 at 6–25.] On November 25, 2025, Chapman filed an amended complaint signed by local counsel, Joshua Kendrick. [ECF No. 8.] Chapman served Defendant with the filed amended complaint on February 13, 2026. [ECF No. 18 at 2.] Defendant then filed the present motions to dismiss.

## II.  Legal Standard

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). Absent objections, the court need not provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## III.  Discussion

Defendant argues that this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. [ECF Nos. 10, 18.] When a defendant

2

challenges service of process, the plaintiff must establish that she complied with the service requirements of Federal Rule of Civil Procedure 4. *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). Rule 4(m) provides that if the defendant "is not served within 90 days after the complaint is filed, the Court . . . must dismiss the action without prejudice . . . [b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

"Good cause" typically requires a showing that some outside factor prevented an otherwise-diligent plaintiff from complying with Rule 4(m). *See Clayton v. Islas Transp., LLC*, No. 8:18-03964, 2019 WL 4805671, at *3 (D. Md. Oct. 1, 2019). Inadvertence or carelessness is not enough. *See id.* That said, where a plaintiff's attempts at service provided the defendant with actual notice of the pending action, the court may "construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *O'Meara*, 464 F. Supp. 2d at 476. Alternatively, the court may "extend the time period for service even when good cause has not been shown." *Gelin v. Shuman*, 35 F.4th 212, 214 (4th Cir. 2022).

The magistrate judge found that Defendant had not properly been served because Chapman's amended complaint had not yet been filed at the time service was attempted. [ECF No. 22 at 4.] The magistrate judge also found that Chapman's mistaken belief that Defendant had been properly served was not "good cause" under Rule 4(m). *Id.* Nonetheless, the magistrate judge recommended that this court exercise its discretion to enlarge the service period and find that Defendant was timely served on February 13, 2026. *Id.* The court agrees that, while Chapman has not shown "good cause" under Rule 4(m), the deadline should still be extended.

Absent good cause, the court considers several non-exhaustive factors when deciding whether to grant further time for service of process, to include (1) the possibility of prejudice to

3

the defendant, (2) the length of delay and its impact on the proceedings, (3) the reasons for delay and whether it was within the plaintiff's control, (4) whether the plaintiff sought an extension before the deadline, (5) the plaintiff's good faith, (6) whether the plaintiff is pro se, (7) prejudice to the plaintiff, and (8) whether time has previously been extended. *Braxton v. Chesapeake Urology Assocs., LLC*, No. 8:23-CV-00213-PX, 2023 WL 8716862, at *3 (D. Md. Dec. 18, 2023).[1]

The court finds that these factors favor extending the deadline for service of process. First, although now represented by counsel, Chapman initiated this matter without the assistance of counsel. *Hines v. N. W. Virginia Operations*, No. CIV.A. 1:08CV144, 2009 WL 1328817, at *3 (N.D.W. Va. May 12, 2009) ("Although a plaintiff's *pro se* status does not, standing alone, excuse untimely service, *pro se* litigants are accorded more leeway than are those represented by attorneys to correct defects in service of process.") (internal citations omitted). Second, this case is in its early stages, and the delay in service has been brief. Defendant has not shown prejudice arising from the brief extension of service; the delay has not impacted the timing of the proceedings; and the court has not previously extended this deadline. *See Scovens v. Univ. of Maryland Fac. Physicians, Inc.*, No. 1:23-CV-01080-JMC, 2023 WL 5234966, at *3 (D. Md. Aug. 14, 2023). Finally, an extension is appropriate because the statute of limitations would prevent the plaintiff from refiling her complaint if dismissed. *See* Advisory Committee Notes to Fed. R. Civ. P. 4(m) (1993) (extension of the deadline to serve process "may be justified . . . if the . . . statute of limitations would bar the refiled action"); *Fultz v. Rittlemeyer*, No. CIV. A. 94-0025-H, 1995 WL 234531, at *3 (W.D. Va. Apr. 18, 1995) ("The Plaintiff's feeble health, his pro se status, and, most

---

[1] Although Defendant argues that the Report relied on certain improper factors, the court finds that the magistrate judge evaluated many of these same factors: Chapman's initial pro se status, prejudice she would suffer if the deadline were not extended, whether Chapman was given prior extensions, and the possibility of prejudice to the Defendant. [ECF No. 22 at 4.]

important, the fact that refiling the action may be barred by the statute of limitations, all warrant an extension of time for serving the complaint.").

While Defendant identifies several factors that, in its view, weigh against granting an extension, ECF No. 23 at 7–8, the court finds that the totality of factors supports an extension. The court's warning that improper service may lead to dismissal without prejudice and Chapman's later retention of counsel do not outweigh the factors favoring an extension.

## IV.    Conclusion

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. Additionally, the court reviewed de novo the parts of the Report to which Defendant objected. The court hereby **ADOPTS** the Report, ECF No. 22. As a result, Defendant's motions to dismiss, ECF Nos. 10, 18, are **denied**. The court exercises its discretion to enlarge the service period and finds that Defendant was timely served on February 13, 2026. This matter remains referred to the magistrate judge.

**IT IS SO ORDERED.**

May 26, 2026                                                Sherri A. Lydon
Columbia, South Carolina                       United States District Judge